UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGGORY SIMS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:09-CV-0179 WL |
|  | ) |  |
| EDWIN BUSS, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Gregory Sims, a prisoner confined at the Westville Correctional Unit, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that several Indiana State Prison officials violated his federally protected rights while he was housed there in 2007. The plaintiff also asserts supplemental jurisdiction over state law claims of negligence and gross negligence.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

The plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Sims asserts that the defendants violated rights protected by the Constitution's Eighth and Fourteenth Amendments by failing to protect him from beng attacked and severely injured by another inmate on August 2, 2007, and by unreasonably delaying medical treatment for his injuries. When addressing claims brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by defendants. *Graham v. Conner*, 490 U.S. 386, 394, (1989). The Eighth Amendment protects convicted prisoners from cruel and unusual punishments while the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Because the plaintiff was a convicted felon at the time the incident he complains of occurred, the court will consider his claims under the Eighth Amendment.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. Giving Sims the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim that the defendants were deliberately indifferent to his safety and his serious medical needs.

The plaintiff also states that he wishes to bring claims under "Indiana State law regarding negligence and gross negligence." (Complaint at p. 2). In 28 U.S.C. § 1367, the pendent jurisdiction doctrine was codified to provide that federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." The plaintiff may pursue his supplemental state law tort claims against the defendants on his failure to

treat claim to the extent that he meets the procedural prerequisites established by state statute to bring such claims.

For the foregoing reasons, the court GRANTS the plaintiff leave to proceed against the defendants on his Eighth Amendment failure to protect and delay of medical treatment claims and on his supplemental state law claims.

SO ORDERED.

DATED: May 20 , 2009

                                         **s/William C. Lee**
                                         William C. Lee, Judge
                                         United States District Court