UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GREGGORY SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:09-CV-179 |
| | ) |
| DANTE JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court on *pro se* Plaintiff Greggory Sims's motion for default judgment in which he seeks $22,500 in compensatory and punitive damages against Defendant Dante Johnson.[1] (Docket # 38, 54.) On January 26, 2011, District Judge William C. Lee entered an Order pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1, referring this case to the undersigned Magistrate Judge to prepare a report and recommendation on the motion. (Docket # 58.) Accordingly, this Report and Recommendation addresses whether the default judgment should be entered under Federal Rule of Civil Procedure 55(b), and if so, what damages should be awarded.

For the following reasons, the undersigned Magistrate Judge recommends that Sims's motion for default judgment be DENIED.

---

[1] Defendant Johnson's first name is spelled "Donte" in the complaint and amended complaint (Docket # 1, 17), but "Donta" on the summons, affidavit of service, and his deposition. (Docket # 31, 36.)

## II. PROCEDURAL BACKGROUND

All of the Defendants except Johnson are represented by the Indiana Attorney General's Office in this matter. For whatever reason, Johnson apparently has not sought such representation, much less appeared in this action, and as a result has subjected himself to a Clerk's entry of default (Docket # 40) and the potential for a default judgment in the amount of $22,500 against him.

In commencing this action on April 20, 2009, Sims, an inmate who was represented by counsel at the time, filed a complaint under 42 U.S.C. § 1983 against the Superintendent of the Indiana State Prison and several of its correctional officers, including Johnson. (Docket # 1.) Sims alleges, among other things, that Johnson was deliberately indifferent to his safety in violation of the Eighth Amendment because Johnson allowed two other inmates out of their cell and provided them access to Sims's cell in a segregation unit, resulting in his being stabbed and beaten by the two inmates. (Docket # 1.)

Sims amended his complaint on November 5, 2009 (Docket # 17), and he served it on Johnson on March 29, 2010 (Docket # 31). On June 29, 2010, Sims voluntarily dismissed all Defendants except Johnson and Erik Kruper. (Docket # 34, 35.) Not long thereafter, Kruper filed a motion for summary judgment.[2] (Docket # 36.)

On August 3, 2010, and because Johnson failed to plead or otherwise defend this suit, Sims moved for an entry of default against Johnson under Federal Rule of Civil Procedure 55(a), and the Clerk entered the default the next day. (Docket # 39, 40.) Sims also moved for the entry

---

[2] Sims has requested, and been granted, several extension of time within which to file his response to Kruper's motion for summary judgment. (Docket # 41-43, 45, 46, 55.) As a result, his response to the summary judgment motion is not due until July 1, 2011. (Docket # 57.)

2

of a default judgment against Johnson. (Docket # 38.)

On September 9, 2010, upon Sims's request (Docket # 43), Sims's lawyer, Richard Busse, moved to withdraw as his counsel. (Docket # 47.) The Court granted Busse's request to withdraw on December 6, 2010 (Docket # 49), and Sims has elected to proceed *pro se*. (Docket # 50.)

On January 13, 2011, Sims filed a motion for a hearing on the $22,500 in damages he seeks from Johnson in connection with the requested default judgment. (Docket # 54.) On January 26, 2011, the District Judge referred Sims's motion for default judgment to the undersigned Magistrate Judge for the issuance of a report and recommendation. (Docket # 58.)

### III. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default means that the factual allegations of the complaint (except those relating to the amount of damages) are to be taken as true and can no longer be contested. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989); *Estes Express Lines v. Lawson Prods. Corp.*, No. 4:08-cv-91-AS-APR, 2009 WL 1699658, at *1 (N.D. Ind. June 17, 2009).

Because the default only goes to the well-pled facts of the complaint, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit to mere conclusions of law. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d. ed. 1998); *see also Black*, 22 F.3d at 1399; *Larance v. Bayh*, No. 3:94-cv-182RM, 1995 WL 46718,

3

at *1 (N.D. Ind. Jan. 18, 1995) (collecting cases). Thus, "[a] default judgment does not follow as a matter of right . . . after entry of default. Judgment by default may be granted only for such relief as may lawfully be granted upon the well-pleaded facts alleged in the complaint." *Larance*, 1995 WL 46718, at *1 (quoting 6 J. MOORE & W. TAGGART, MOORE'S FEDERAL PRACTICE ¶ 55.03[2], at 55-20 (1994)).

## IV. DISCUSSION

Applying the foregoing legal standard, the unchallenged facts in Sims's amended complaint fail to state an Eighth Amendment claim against Johnson. Therefore, Sims's request for the entry of a default judgment against Johnson should be denied.

To explain, according to Sims's amended complaint, Johnson "allowed two offenders out of their cell and provided them access to [Sims's] cell" while Sims was housed in a disciplinary segregation unit, which at the time "allowed no contact between offenders". (Am. Compl. ¶¶ 9, 10, 12.) He further alleges that the two offenders then "stabbed and beat [him] with a pad lock multiple times" and that as a result, he "received approximately 35 staples in the head and 7-8 stitches in his ear along with over 10 other lacerations, which resulted in permanent scarring of his head and face." (Am. Compl. ¶ 11.)

"[I]n order to establish a violation of the Eighth Amendment, a plaintiff must show that a prison official was deliberately indifferent to a substantial risk of serious harm to an inmate." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citing *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002; *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)). Deliberate indifference "means recklessness in a criminal, subjective sense: disregarding a risk of danger so substantial that knowledge of the danger can be inferred."

4

*James v. Milwaukee Cnty.*, 956 F.2d 696, 700 (7th Cir. 1992). "Such disregard is tantamount to intending that the injury occur." *Id.* "Negligence on the part of an official does not violate the Constitution, and it is not enough that he . . . should have known of a risk." *Pierson*, 391 F.3d at 902 (citing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Here, what is conspicuously missing from Sims's amended complaint is any factual allegation that would show that Johnson acted "with the requisite mental state" when he provided the two offenders with access to Sims's cell. *James*, 956 F.2d at 699; *cf. Poole v. Bach*, No. 99 C 7624, 2000 WL 419991, at *3 (N.D. Ill. Apr. 14, 2000) (finding a cognizable Eighth Amendment claim where plaintiff alleged in his complaint that defendant purposely allowed inmates, who were known predators, into plaintiff's cell knowing that they intended to assault him). "[Sims] must show *actual intent* or *deliberate indifference* on the part of [Johnson] in order to make out an eighth amendment claim." *James*, 956 F.2d at 699 (emphasis in original).

Moreover, while Sims's amended complaint is silent with respect to Johnson's mental state at the time of the incident, the remainder of the record is not. Johnson states in his deposition that he provided the two offenders with access to Sims's cell "by accident, complete accident." (Docket # 36, Johnson Dep. 28.) He explains that when he was cleaning the electronic board, that is, the touch computer screen that controls the opening and closing of cell doors, he accidently unlocked two cells, not realizing he had done so until *after* he heard inmates yelling of the attack on Sims. (Johnson Dep. 28-29, 45.) Of course, to reiterate, "[n]egligence or even gross negligence is not enough" to support an Eighth Amendment claim, *James*, 956 F.2d at 699, and Sims makes no assertion, and offers no facts, that this type of incident (the purported cleaning of the control screen causing the unintentional opening of cell doors) happened

5

previously such that it can be inferred that Johnson intended to put Sims at risk of harm. *See* Federal Civil Jury Instructions of the Seventh Circuit No. 7.14 (explaining that "deliberate indifference" means that the defendant "actually knew of a substantial risk of serious harm . . ., and that [he] consciously disregarded this risk by failing to take reasonable measure to deal with it").

Moreover, a prisoner normally proves actual knowledge of impending harm by showing that he alerted prison officials to an identifiable threat to his safety. *James*, 956 F.2d at 700. Here, Sims does not allege in his amended complaint that he made any prior requests for protection or that the two offenders posed a specific threat to his safety or were known gang members. *James*, 956 F.2d at 700; *see, e.g.*, *Stanback v. Fairman*, No. 93 C 0816, 1994 WL 542781, at *5 (N.D. Ill. Oct. 3, 1994). Nor does Sims allege the existence of a longstanding or pervasive risk of inmate-on-inmate attacks in the disciplinary segregation unit such that Johnson's knowledge of the risk of attack can be inferred. *James*, 956 F.2d at 700; *see, e.g.*, *Stanback*, 1994 WL 542781, at *4.

In short, nothing in Sims's amended complaint suggests that Johnson opened the cell doors "with an intent to cause harm." *Cullen v. DuPage Cnty.*, No. 99 C 1296, 1999 WL 1212570, at *2 (N.D. Ill. Dec. 14, 1999). As a result, the complaint fails to state an Eighth Amendment claim, and therefore it is recommended that Sims's motion for default judgment be denied. *See generally Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (observing that as a general matter Seventh Circuit cases "articulate a policy of favoring trial on the merits over default judgment").

## V. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court DENY Plaintiff's request for the entry of a default judgment against Defendant Johnson (Docket # 38) and DENY Plaintiff's motion for hearing on damages (Docket # 54).

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff and to Defendant Johnson at his last known address. NOTICE IS HEREBY GIVEN that within ten days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

SO ORDERED.

Enter for this 3rd day of February, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge