UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| GREGGORY SIMS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:09-CV-179 |
| | ) |
| DANTE JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Greggory Sims ("Sims"), an inmate, brought this action pursuant to 42 U.S.C. §1983 against the Superintendent of the Indiana State Prison and several of its correctional officers, including defendant Dante Johnson.[1] Particular to Johnson, Sims alleges that Johnson was deliberately indifferent to his safety in violation of the Eighth Amendment because Johnson allowed two other inmates out of their cell and provided them access to Sims's cell in a segregation unit. These two inmates stabbed and beat Sims with a padlock causing him to receive 35 head staples and 7-8 stitches in his ear as well as additional lacerations, all of which resulted in permanent scarring of his head and face.

On August 3, 2010, Sims moved for an entry of default against Johnson pursuant to Fed.R.Civ. 55(a) for his failure to plead or otherwise defend against the allegations in the Amended Complaint. Once the Clerk entered the default, Sims moved for the entry of a default judgment. (Docket #38). On January 13, 2011, Sims filed a motion for a hearing on the $22,500 in damages

---

[1] As outlined in the Report and Recommendation (Docket #59), Sims amended his complaint on November 5, 2009 (Docket #17), and served all parties, including Johnson. Since then, Sims has voluntarily dismissed all defendants except Johnson and Erik Kruper. Kruper has a pending motion for summary judgment before the Court.

1

he seeks from Johnson. On January 26, 2011, the undersigned referred Sim's Motion for Default Judgment along with his Motion requesting a hearing to Magistrate Judge Roger B. Cosbey for a report and recommendation. (Docket #58). On February 3, 2011, the Magistrate Judge entered his Report and Recommendation recommending that both Sims's motions should be DENIED.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). This section provides that "[t]he district judge must determine *de novo* any part of magistrate judge's disposition that has been properly objected to." However, no review is required of any issue that is not the subject of objection. *Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986). Failure to file objections within the specified time waives the right to appeal the district court's order. *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 330 (7th Cir. 1995).

The parties to this case failed to file any objections to the Magistrate Judge's report and recommendation within the allotted time period. Furthermore, this Court has examined Magistrate Cosbey's report and agrees with his conclusions and recommendations. "Where as here, a [Magistrate Judge] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *Sanchez-Medina v. Unicco Service Co.*, 2010 WL 3955780 (Sept. 30, 2010) citing *In Re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir.1993). Thus, the Court hereby **APPROVES** and **ADOPTS** the recommendations as this Court's own. The Plaintiff's Motion for Default Judgment (Docket #38) and the Plaintiff's Motion for a Damages Hearing (Docket #54) are **DENIED.**

So ORDERED.

This 3rd day of March, 2011

                                                                                        s/ William C. Lee  
                                                                                  United States District Judge