UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| GREGGORY SIMS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 3:09-CV-179 |
| DANTE JOHNSON, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case is before the Court for reconsideration of the undersigned's previous orders adopting the Report and Recommendation of the Magistrate Judge [DE 60] and the Order Dismissing the Complaint as to Dante Johnson [DE 62]. In addition, Plaintiff has filed his *pro se* Motion for Evidentiary Hearing [DE 71]. For the following reasons, the court reinstates the Order Adopting the Report and Recommendation [DE 60] and DENIES the Plaintiff's Motion for a Default Judgment which is the subject of said Report and Recommendation. Plaintiff's Motion for an Evidentiary Hearing as to damages will be DENIED as liability has not been established in the case. The case shall be set for trial by way of separate minute entry.

## PROCEDURAL BACKGROUND

Plaintiff Greggory Sims ("Sims"), an inmate, brought this action pursuant to 42 U.S.C. §1983 against the Superintendent of the Indiana State Prison and several of its correctional officers, including defendant Dante Johnson. Particular to Johnson, Sims alleges that Johnson was deliberately indifferent to his safety in violation of the Eighth Amendment because Johnson allowed two other inmates out of their cell and provided them access to Sims's cell in a segregation unit.

1

These two inmates stabbed and beat Sims with a padlock causing him to receive 35 head staples and 7-8 stitches in his ear as well as additional lacerations, all of which resulted in permanent scarring of his head and face.

On August 3, 2010, after Johnson failed to plead or otherwise defend himself in the action,[1] Sims moved for an entry of default against Johnson pursuant to Fed.R.Civ. 55(a). Once the Clerk entered the default, Sims moved for the entry of a default judgment. (Docket #38). On January 13, 2011, Sims filed a motion for a hearing on the $22,500 in damages he sought from Johnson. On January 26, 2011, the undersigned referred Sim's Motion for Default Judgment along with his Motion requesting a hearing to Magistrate Judge Roger B. Cosbey for a report and recommendation. (Docket #58). On February 3, 2011, the Magistrate Judge entered his Report and Recommendation recommending that both Sims's motions should be DENIED. [Docket #59]. Specifically, the Magistrate's Report and Recommendation determined that the well-pled allegations in the Amended Complaint failed to state a claim for relief under the Eighth Amendment. The Magistrate further determined that the remainder of the factual record supported a conclusion that Defendant Johnson did not act with the required intent to support an Eighth Amendment claim. Thus, he concluded that Sims's Eighth Amendment claim lacked merit.

On March 3, 2011, after the time for objections had expired, the undersigned entered an Order adopting the Magistrate's report and recommendation. On March 16, 2011, the court received a stipulated Notice of Voluntary Dismissal which dismissed the case against the other remaining Defendant, Eric Kruper. [Docket #61]. On that same date, the undersigned dismissed Sims' case

---

[1]The State of Indiana, while appearing on behalf of all the other original defendants in this cause, did not file an appearance for defendant Johnson, apparently, because Johnson did not request it.

against Johnson relying upon language in the Magistrate's Report that Sims' claim of deliberate indifference failed to state a claim for relief.

Upon receiving notice that his case was dismissed, Sims objected and asked the court to reconsider both the Report and Recommendation and the subsequent dismissal. [DE 69]. On July 20, 2011, the undersigned vacated the judgment and directed the Clerk to reopen the case. In addition, the Court granted the Motion to Reconsider adopting the Report and Recommendation and concludes, as noted below, that the Report and Recommendation denying Sims a default judgment remains correct and should be REINSTATED.

## DISCUSSION

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). This section provides that "[t]he district judge must determine *de novo* any part of magistrate judge's disposition that has been properly objected to." However, no review is required of any issue that is not the subject of objection. *Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986). Although Sims originally failed to file any objections to the Magistrate Judge's report and recommendation within the allotted time period, Sims submitted a filing after his case was dismissed wherein he asserted that he did not receive notice of the Magistrate's Report and Recommendation and sought time to object. [DE 64]. As a result, the Court provided him time to file any objections he had to the Report and Recommendation, which Sims later did. [DE 69].

The source of Sims' objections, however, relate more to the dismissal of his case than the conclusion that he is not entitled to a default judgment. A review of the Magistrate's Report and

Recommendation indicates that Sims has not proven, on the basis of the current record, that Johnson acted with the requisite intent under the deliberate indifference standard. As the Magistrate noted, although Sims alleges that Johnson had an intent to harm him, the record is disputed on the issue. Johnson explained in his deposition testimony that when he was cleaning the touch computer screen that controls the opening and closing of cell doors, he accidentally unlocked two cells, not realizing he had done so until after he heard inmates yelling of the attack on Sims. (Docket #36, Johnson Dep. 28-29, 45). Further, Johnson stated that the two offenders had access to Sims's cell "by accident, complete accident." (*Id.* at 28). Thus, the record remains disputed as to whether Johnson acted negligently rather than with deliberate intent to cause harm. For this reason, the Magistrate determined that a default judgment was not appropriate and denied Sims' motion. The undersigned agrees with the Magistrate Judge's conclusion. Thus, the Court hereby **REINSTATES** the court's order **APPROVING** and **ADOPTING** the Magistrate Judge's Report and Recommendations as this Court's own. The Plaintiff's Motion for Default Judgment (Docket #38) and the Plaintiff's Motions for a Damages Hearing (Docket #54 and 71) are **DENIED.** The Clerk will set the case for trial by way of separate entry.

So ORDERED.

This 14th day of December, 2011

s/ William C. Lee
United States District Judge