UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GREGGORY SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:09-CV-179 |
| | ) |
| DANTE JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**Opinion and Order**

Plaintiff Greggory Sims ("Sims"), an inmate, brought this action pursuant to 42 U.S.C. §1983 against the Superintendent of the Indiana State Prison and several of its correctional officers, including defendant Dante Johnson.[1] Particular to Johnson, Sims alleges that Johnson was deliberately indifferent to his safety in violation of the Eighth Amendment because Johnson allowed two other inmates out of their cell and provided them access to Sims's cell in a segregation unit. These two inmates stabbed and beat Sims with a padlock causing him to receive 35 head staples and 7-8 stitches in his ear as well as additional lacerations, all of which resulted in permanent scarring of his head and face.

Presently before the Court is Sims's Amended Motion for Default Judgment [DE 79]. For the following reasons, the Motion will be DENIED.

**PROCEDURAL BACKGROUND**

This case has a rather tortuous history. It suffices to say that presently, Johnson is the sole

---

[1] Sims amended his complaint on November 5, 2009 (Docket #17), and served all parties, including Johnson. Since then, Sims has voluntarily dismissed all defendants except Johnson.

1

defendant remaining in this action. Johnson has neither appeared nor had counsel appear on his behalf. On August 3, 2010, Sims, acting *pro se*, moved for an entry of default against Johnson pursuant to Fed.R.Civ. 55(a) for his failure to plead or otherwise defend against the allegations in the Amended Complaint. Once the Clerk entered the default, Sims moved for the entry of a default judgment. (Docket #38). On January 13, 2011, Sims also filed a motion for a hearing on the $22,500 in damages he seeks from Johnson. On January 26, 2011, the undersigned referred Sim's Motion for Default Judgment along with his motion requesting a damages hearing to Magistrate Judge Roger B. Cosbey for a report and recommendation. (Docket #58). On February 3, 2011, the Magistrate Judge entered his Report and Recommendation recommending that both Sims's motions should be DENIED. [Docket #59]. Specifically, the Magistrate's Report and Recommendation determined that the well-pled allegations in the Amended Complaint failed to state a claim for relief under the Eighth Amendment. The Magistrate further determined that the remainder of the factual record supported a conclusion that Defendant Johnson did not act with the required intent to support an Eighth Amendment claim. Thus, he concluded that Sims's Eighth Amendment claim lacked merit.

On March 3, 2011, after the time for objections had expired, the undersigned entered an Order adopting the Magistrate's report and recommendation. On March 16, 2011, the undersigned dismissed Sims' case against Johnson relying upon language in the Magistrate's Report that Sims' claim of deliberate indifference failed to state a claim for relief. Upon receiving notice that his case was dismissed, Sims objected and asked the court to reconsider both the Report and Recommendation and the subsequent dismissal. [DE 69]. On July 20, 2011, the undersigned vacated the judgment and directed the Clerk to reopen the case. In addition, the Court granted the Motion

to Reconsider adopting the Report and Recommendation and ultimately reinstated the Court's Order adopting the Report and Recommendation and agreed to set the case for trial. [DE 73]. Thereafter, the Court appointed Attorney Dennis H. Geiselman to represent Sims. On May 10, 2012, Sims, through counsel, filed the present Amended Motion for Default Judgment. The Court ordered Johnson to respond and, to date, he has not done so. Accordingly, the Court turns now to the merits of Sims's motion.

## **DISCUSSION**

This case hinges upon whether Sims can prove that defendant Johnson acted with deliberate indifference to a substantial risk of harm to Sims. To that end, Sims has alleged that Johnson purposely allowed inmates known to be violent and dangerous into his cell with knowledge that they would assault him. In his Report and Recommendation, Magistrate Judge Cosbey, after noting that Johnson had not appeared in the case but had attended his deposition earlier in the case, set forth the following facts from that deposition:

> Johnson states in his deposition that he provided the two offenders with access to Sims's cell "by accident, complete accident." (Docket # 36, Johnson Dep. 28.) He explains that when he was cleaning the electronic board, that is, the touch computer screen that controls the opening and closing of cell doors, he accidently unlocked two cells, not realizing he had done so until *after* he heard inmates yelling of the attack on Sims. (Johnson Dep. 28-29, 45.)

[DE 59 at p. 5]. Because there was no contrary evidence in the record to raise a question of fact as to Johnson's testimony, the Magistrate Judge concluded that Sims had not set forth sufficient evidence of deliberate indifference to support granting his Motion for Default Judgment on the merits. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) *(*"Negligence on the part of an official does not violate the Constitution, and it is not enough that he . . . should have known of a risk.").

3

In his current motion, Sims points to deposition testimony of Johnson's prison supervisor, Jeffrey Batchelor, which he contends rebuts Johnson's testimony that the unlocking and opening of the doors was accidental. In his deposition, Batchelor testified that a two step process is required to unlock cell doors and, for this reason, it is unlikely that a door could be accidentally opened in the manner Johnson described:

> A. I would say no because you're just doing a general – you got to deactivate probably the computer more than anything because you've got to take and physically touch what you're going to touch to take it and open it.
> Q. So just wiping over the screen it makes sense you'd be opening all the doors, right?
> A. No, because you may activate all of them, but you're going to see everything, so if you press the button to do the second part of it, everything will come open. If that's – I don't – it's been so long I don't know if it would do that or not. I don't know what the computer is capable of.
> Q. But you've described a two-step process?
> A. Yes.
> Q. Unlock then push the cell door?
> A. Or vice versa.
> Q. So if two doors were to open at two different times, you would have to go through the process twice, right?
> A. No. You can hit two doors at the same time and then open.

(Batchelor Dep. pp. 19-20). From this testimony, Sims contends that the Court should infer intentional conduct with an intent to cause harm, and thus grant his motion for a default judgment.

As it stands presently, the evidence before the court is conflicting. Johnson testified that he unlocked and opened the doors accidentally while Batchelor indicates that accidental unlocking and opening is not possible given the system in place. This raises a question of fact that must be determined by the fact-finder rather than in a motion for a default judgment. As a result, the case

4

must proceed to trial on the ultimate issue of liability.[2] The Amended Motion for Default Judgment is DENIED.

## **CONCLUSION**

Based on the foregoing, the Amended Motion for Default Judgment [DE 79] is DENIED.

Entered: October 17, 2012

s/ William C. Lee<br>
United States District Court

---

[2] It may very well be that at trial the only evidence presented is the testimony of Batchelor and the plaintiff since Johnson has not defended himself in this action. Under these circumstances, the case may well be settled by a motion for a directed verdict at the close of the evidence.