UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GREGGORY SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:09-CV-179 |
| | ) |
| DANTE JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This cause was before the court for a Final Pretrial Conference on November 28, 2012. Prior to this conference on November 1, 2012, the Court issued an "Order Setting Final Pretrial Conference and Directing Appearance of Defendant" wherein the Court specifically directed Defendant Dante Johnson ("Johnson") to appear in person for the conference. The Order specifically provided that "If Mr. Johnson does not appear as ordered, the Court will entertain a motion from the plaintiff to default Johnson on the liability portion of the case as a sanction for his failure to respond to Court orders or appear in defense of his case. The case will then proceed to a determination of damages for which Mr. Johnson may be held personally liable." (DE 87). To date, Johnson has not appeared at any in-person or teleconference despite repeated notices to him advising him of those conferences. In fact, Johnson failed to appear at conferences scheduled on: 1/06/2012, 10/31/2012 and 11/28/2012. In addition, Johnson has not filed any briefs or responses nor has he be in touch with the Court at any time during this case. The docket reflects that while notice was regularly mailed to Johnson, the mail was only returned on two occasions and the post office provided a

1

forwarding address to which the notice was then remailed without it being returned as undeliverable.

On November 28, 2012, Plaintiff Gregory Sims ("Sims") appeared at the Final Pretrial Conference along with his court-appointed counsel Dennis Geiselman. Johnson did not appear. As a result, Sims's counsel moved for a default judgment on the issue of liability which the undersigned granted. The Plaintiff then proceeded to present a factual basis for both liability as well as evidence to support a damages award. For the following reasons, the Court finds in favor of Sims on damages and awards damages in the amount of $40,000 against Johnson.

On August 2, 2007, Sims was a prisoner of the State of Indiana confined at the Michigan City, Indiana State Prison. Sims cell was, at that time, located in the segregation unit of the prison. (Transcript, p. 8). Johnson was an officer in the disciplinary segregation unit meaning that he was in charge of maintaining cell integrity and monitoring the movement of prisoners within the unit. (*Id.*). As part of his duties, Johnson operated the electronic controls for all the cell doors within the unit. On this particular day around 9:00 pm, Johnson opened the doors of two inmates, letting them out of their cells resulting in physical contact between them and Sims. (*Id.*) Sims had been in his own cell attempting to sleep as the doors unexpectedly opened. (*Id.* at 10). An altercation ensued as the two other inmates entered Sims's cell and attempted to remove items of his personal property. One of the inmates beat Sims in the head with a padlock he had secreted in a sock and swung around while holding the sock's opening; the other had a metal object about 8-10 inches long with a sharp edge that he utilized to repeatedly stab Sims. (*Id.* at 11). All told, Sims received lacerations to his hands, arms and head, resulting in 35 staples and 8 stitches. In addition, part of Sims's ear had to be reattached using stitches. (*Id.*). Sims believed he had a concussion although the medical reports indicate loss of consciousness was "questionable." Sims does, however, have physical scarring as

2

a result of this attack. (*Id.*). Sims also testified that he had increased anxiety for several years after the attack and has been "on edge" since he was attacked. (*Id.* at 12, 14). He also suffers from migraine headaches that he did not have prior to being beaten in the head. (*Id.*). With respect to the personal property in his cell, he indicates that much of it was damaged from the attack. (*Id.* at 12-13). He values those items at around $500. (*Id.*).

In addition to Sims's own testimony, he provided evidence in the form of medical records (Exhibit 1) and deposition testimony of Jeffrey Batchelder ("Batchelder"), a captain in the segregation unit at the prison at the time of the attack. (Exhibit 4). Batchelder did not operate the door controls as part of his job but testified that he had been trained on them. He indicated that opening a cell door requires a two button process meaning that two different buttons must be activated for a particular door to open. He testified that it is "not very likely" that a cell door could be opened accidentally. (Exhibit 4, pp. 18-19).

All told, Sims seeks a total damages award of $40,000 to compensate him for the pain and injuries he incurred, the physical scarring, emotional anxiety and headaches, and his personal property. The undersigned inquired of counsel whether he intended to seek an attorney's fee award and counsel indicated that he considered his representation of Sims to be pro bono and he did not intend to seek fees.

In light of Sims's testimony as to his injuries, permanent scarring, emotional distress, as well as the medical records confirming the physical injuries he sustained, the court concludes that Sims's request for damages of $40,000 is fair and reasonable. The Court awards Sims damages against Johnson in the amount of $40,000. No attorney fee award is ordered. The Clerk is directed to enter final judgment in favor of Sims and against Defendant Johnson in the amount of $40,000 (forty

thousand dollars).

Entered: This 10th day of January, 2013.

                                                s/ William C. Lee

                                                United States District Court